IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
5:13-CV-00003-RLV
(5:08-CR-00061-RLV-DCK-1)

| | |
|---|---|
| RICKY JEROME LEWIS, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | ORDER |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

**THIS MATTER** is before the Court on consideration of the motion to vacate, set aside or correct sentence, filed pursuant to 28 U.S.C. § 2255. For the reasons that follow, Petitioner's Section 2255 motion will be granted in part and denied in part.

## I.  BACKGROUND

On December 17, 2008, Petitioner was indicted by the grand jury in this district on one count of possession of more than five (5) grams of crack cocaine with intent to distribute, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(B) (Count 1); one count of possession of a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c) (Count 2); and one count of possession of a firearm by a convicted felon, in violation of 18 U.S.C. § 922(g)(1) (Count 3). (5:08-CR-00061, Doc. No. 1: Indictment). Following the return of the indictment, the Government served Petitioner with notice of its intention to seek enhanced penalties upon conviction on Count 1 based on its contention that Petitioner had previously been convicted of a felony drug offense in state court in North Carolina. See 21 U.S.C. § 851. (Doc. No. 14: § 851 Notice).

1

Petitioner elected to plead not guilty and he was later convicted by a jury on all counts. In advance of his sentencing hearing, the U.S. Probation Office prepared a presentence report (PSR) which was served on the parties and filed with the Court. The PSR identified the prior state drug conviction which was alleged in the § 851 notice as a 2003 conviction for felony possession of cocaine in North Carolina. The state court sentenced Petitioner to a suspended term of 6-8 months' imprisonment and placed him on supervised probation. The probation was later revoked and Petitioner's sentence was activated. (Doc. No. 30: PSR ¶ 41).

On February 8, 2010, Petitioner appeared with counsel for his sentencing hearing before this Court and he was sentenced to concurrent terms of 120-months' imprisonment on Counts 1 and 3, and a consecutive term of 60-months' imprisonment for his conviction on Count 2. Petitioner appealed. On appeal, Petitioner raised two issues. First, Petitioner argued that this Court committed reversible error in admitting photographs which depicted Petitioner in possession of large sums of cash. Second, Petitioner asserted that this Court plainly erred in sentencing him to an enhanced statutory minimum on Count 1.

The Court rejected Petitioner's first claim. In addressing Petitioner's second claim, the Fourth Circuit explained that the enhanced sentence imposed for Count 1 was properly enhanced, under then-existing Circuit precedent, because Petitioner's 2003 state drug conviction qualified as a felony in that a defendant with the worst criminal history could have been sentenced to more than one year in prison under North Carolina law. United States v. Lewis, 449 F. App'x 266, 268 (4th Cir. 2011) (unpublished) (citing United States v. Harp, 406 F.3d 242, 246-47 (4th Cir. 2005)). However, the Court noted that Harp had recently been overruled by its en banc opinion in United States v. Simmons, 649 F.3d 237 (4th Cir. 2011) (en banc), in which the Court held

2

that a prior conviction is only punishable by more than one year in prison under North Carolina law if the defendant before the sentencing court could have been sentenced to more than one year and not, contrary to the holding in Harp, the hypothetical defendant with the worst possible criminal record. Simmons, 649 F.3d at 244. The Court then found that although Petitioner could have been sentenced to a lower mandatory minimum on Count 1 in the wake of Simmons—instead of the 120-month mandatory minimum under Harp—it was of no moment because his combined sentence for convictions on Counts 2 and 3 resulted in a 180-month term of imprisonment. Petitioner's criminal judgment was affirmed in all respects and he did not seek further review from the Supreme Court.

On January 2, 2013, the Clerk filed Petitioner's § 2255 motion in which Petitioner raises a variety of challenges to his judgment including that his enhanced sentence for his drug trafficking conviction as charged in Count 1 is illegal, and that his conviction for being a felon-in-possession as charged in Count 3 of his indictment should be vacated based on the Fourth Circuit's holding in its en banc decision in Simmons. The Government has filed a response and concedes that Petitioner is entitled to relief on his claims related to Simmons, but denies that Petitioner should receive any relief on his remaining claims.

## II.     STANDARD OF REVIEW

Pursuant to Rule 4(b) of the Rules Governing Section 2255 Proceedings, sentencing courts are directed to examine motions to vacate, along with "any attached exhibits and the record of prior proceedings" in order to determine whether a petitioner is entitled to any relief. The Court has considered the record in this matter and applicable authority and concludes that this matter can be resolved without an evidentiary hearing. See Raines v. United States, 423 F.2d

3

526, 529 (4th Cir. 1970)

### III. DISCUSSION

#### A. Relief under Simmons

The Court agrees that Petitioner should be entitled to relief from his enhanced sentence for conviction on Count 1, and that Petitioner is now actually innocent of the felon-in-possession charge for which he was convicted in Count 3. In a decision filed on August 21, 2013, the Fourth Circuit examined the question of whether the holding in its en banc decision in Simmons applied retroactively to cases on collateral review. See Miller v. United States, 735 F.3d 141 (4th Cir. 2013).

In Miller, the Fourth Circuit considered a claim of actual innocence in a § 2255 proceeding following Miller's conviction for being a felon-in-possession of a firearm, in violation of 18 U.S.C. § 922(g). The grand jury in the Western District indicted Miller for the Section 922(g) offense after finding that he had been convicted of a felony in state court in North Carolina which was punishable by more than one year in prison under federal law. The record before the district court demonstrated that Miller had previous convictions in North Carolina for felony possession of cocaine and the felony offense of threatening a court officer. Petitioner was sentenced to a term of 6 to 8 months' imprisonment for each of those state convictions.

Miller did not appeal his § 922(g) conviction. Rather, some four years later he filed a Section 2255 motion contending that in light of the holding in Simmons he was actually innocent because he did not have valid prior convictions for which he could have been sentenced to more than one year in prison. Consequently, as Miller argued, he had no prior felony which could have

526, 529 (4th Cir. 1970)

### III. DISCUSSION

#### A. Relief under Simmons

The Court agrees that Petitioner should be entitled to relief from his enhanced sentence for conviction on Count 1, and that Petitioner is now actually innocent of the felon-in-possession charge for which he was convicted in Count 3. In a decision filed on August 21, 2013, the Fourth Circuit examined the question of whether the holding in its en banc decision in Simmons applied retroactively to cases on collateral review. See Miller v. United States, 735 F.3d 141 (4th Cir. 2013).

In Miller, the Fourth Circuit considered a claim of actual innocence in a § 2255 proceeding following Miller's conviction for being a felon-in-possession of a firearm, in violation of 18 U.S.C. § 922(g). The grand jury in the Western District indicted Miller for the Section 922(g) offense after finding that he had been convicted of a felony in state court in North Carolina which was punishable by more than one year in prison under federal law. The record before the district court demonstrated that Miller had previous convictions in North Carolina for felony possession of cocaine and the felony offense of threatening a court officer. Petitioner was sentenced to a term of 6 to 8 months' imprisonment for each of those state convictions.

Miller did not appeal his § 922(g) conviction. Rather, some four years later he filed a Section 2255 motion contending that in light of the holding in Simmons he was actually innocent because he did not have valid prior convictions for which he could have been sentenced to more than one year in prison. Consequently, as Miller argued, he had no prior felony which could have

supported his § 922(g) conviction.[1] The district court denied collateral relief and Miller appealed.

In its opinion, the Miller Court noted that at the time Miller was sentenced, his prior state convictions were properly classified as felonies under then-existing precedent. Miller, 735 F.3d at 143-44 (citing Harp, 406 F.3d at 246). The Court then explained that the subsequent decision in Simmons had expressly overruled Harp in holding that whether a prior North Carolina conviction exposed a defendant to more than one year prison can only be determined by examining the criminal record of the individual defendant before the Court and not a hypothetical defendant with the worst possible criminal record. Id. at 143. The Court observed that Miller, who had not been convicted of an offense for which he could have been sentenced to in excess of one year, no longer had a predicate state conviction to support his § 922(g) conviction.

The Court next examined whether Miller was entitled to the retroactive application of the Court's en banc decision in Simmons. The Court found that "Simmons did announce a substantive rule when it applied Carachuri's principles and then narrowed the class of offenders and range of conduct that can be subject to punishment." Miller, 735 F.3d at 147. The Court then concluded that the substantive rule announced in Simmons is retroactive to cases on collateral review. Miller's § 922(g) conviction was therefore vacated and his case was remanded to the district court with directions that his § 2255 motion to vacate his conviction be granted.

In the present case, the Government agrees that Petitioner did not have a prior North Carolina conviction which could have subjected him to more than one year in prison. Therefore,

---

[1] "What constitutes a conviction [of a crime punishable by imprisonment for a term exceeding one year] shall be determined in accordance with the law of the jurisdiction where the proceedings were held." See Miller, 735 F.3d at 144-45 (quoting 18 U.S.C. § 921(a)(20)).

5

the Government contends that Petitioner is entitled to relief on his <u>Simmons</u> claims- namely, that Petitioner' enhanced sentence in Count 1 and his conviction in Count 3 should be vacated. Based on the foregoing authority and noting the Government's position, the Court will enter an order vacating Petitioner's sentence of 120-months in Count 1 and remand his case for resentencing on that count. The Court will also enter an order vacating Petitioner's conviction for being a felon-in-possession of a firearm in Count 3. Petitioner's remaining claims will be addressed below.

### B. <u>Ground One</u>

Here, Petitioner contends that this Court erred in denying his motion for relief which he filed pursuant to 18 U.S.C. § 3582. On October 1, 2012, this Court denied Petitioner's § 3582 motion and Petitioner appealed to the Fourth Circuit. <u>See</u> (5:08-CR-00061, Doc. No. 61). While his appeal was pending, Petitioner filed the instant § 2255 motion. However, the Court notes that the Fourth Circuit has since issued an opinion affirming the Order denying relief. <u>United States v. Lewis</u>, 507 F. App'x 325 (4th Cir. 2013). Petitioner is therefore foreclosed from presenting this claim. <u>See</u> <u>Boeckenhaupt v. United States</u>, 537 F.2d 1182, 1183 (4th Cir. 1976) (finding that a defendant may not present a claim in a collateral proceeding if that claim has been decided adversely to him on direct appeal); <u>United States v. Roane</u>, 378 F.3d 382, 396 n.7 (4th Cir. 2004). Accordingly, this claim will be denied and dismissed.

### C. <u>Ground Two</u>

Next, Petitioner argues that he is entitled to be resentenced based on the Fair Sentencing Act of 2010 (FSA) which took effect on August 3, 2010. Petitioner was sentenced in this Court on February 2, 2010, and his judgment was entered on February 22, 2010. <u>See</u> (5:08-CR-00061,

Doc. No. 34: Judgment in a Criminal Case). Congress enacted the FSA to address, among other things, the statutory minimum sentences that defendants convicted of crack cocaine faced versus the sentences facing those convicted of offenses involving only powder cocaine. On June 21, 2012, the Supreme Court issued its opinion in Dorsey v. United States wherein the Court explained that the relief provided under the FSA only applied to defendants that were convicted before the FSA's effective date, but were sentenced after the effective date. See Dorsey v. United States, 132 S. Ct. 2321, 2335 (2012) ("[W]e conclude that Congress intended the Fair Sentencing Act's new, lower mandatory minimums to apply to post-Act sentencing of pre-Act offenders.").Therefore, because Petitioner was sentenced some six months prior to the FSA's effective date he is not entitled to relief on this issue.

### D. Ground Three

In this claim for relief, Petitioner argues that he is entitled to relief based on the Fourth Circuit's en banc decision in Simmons. As noted above, the Court has already addressed this issue and concluded that Circuit precedent entitles Petitioner to relief from his mandatory minimum sentence for Count 1 and that his § 922(g) conviction should be vacated.

### E. Ground Four

In his final claim for relief, Petitioner contends that both his trial counsel and appellate counsel rendered deficient performance and that the combined errors caused Petitioner to receive a more severe sentence. (5:13-CV-00003, Doc. No. 1 at 8).

In order to prevail on a claim of ineffective assistance of counsel, a petitioner must show that: (1) "counsel's representation fell below an objective standard of reasonableness," and (2) "the deficient performance prejudiced the defense." Strickland v. Washington, 466 U.S. 668,

687-88 (1984). In measuring counsel's performance, there is "a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." Id. at 689. A petitioner seeking post-conviction relief bears a "heavy burden" to overcome this presumption. Carpenter v. United States, 720 F.2d 546, 548 (8th Cir. 1983). Conclusory allegations do not overcome the presumption of competency. Id.

First, Petitioner contends that his counsel failed to provide him with copies of discovery for inspection. Petitioner offers only conclusory allegations regarding this claim. Petitioner blankly contends that he was "unable to properly attack his case. Moreover, the error by counsel disallowed Petitioner the opportunity to confront his accusers." (Doc. No. 1-1 at 18). Petitioner, having pled not guilty, clearly had the opportunity to confront his accusers as he was tried before a jury over the course of two days and his attorney was able to examine each of the Government's witnesses which included lay witnesses and law enforcement. The Court finds that Petitioner has failed to carry his burden of demonstrating prejudice under Strickland and this claim will be denied.

Next, Petitioner contends that he received ineffective assistance from his appellate counsel. First, Petitioner argues that his counsel was ineffective because he only raised an argument for relief under Simmons in his petition for rehearing on direct appeal and he confined his argument to application of the sentencing enhancement and did not challenge the § 922(g) conviction. As noted above, the Fourth Circuit expressly examined an argument regarding Simmons on direct appeal as it related to the sentencing enhancement and concluded that even though Petitioner no longer had the predicate state conviction to support the mandatory minimum of 120-months on Count 1, he was not entitled to relief because of his aggregate

sentence of 180 months for conviction on Counts 2 and 3. Lewis, 449 App'x at 268-69. To the extent Petitioner contends that his counsel was ineffective in failing to challenge his § 922(g) based on Simmons, the question of the retroactivity of the holding in Simmons has only just been decided and that was almost two years after his direct appeal concluded. See United States v. McNamara, 74 F.3d 514, 516-17 (4th Cir. 1996) (finding that failing to anticipate a change in the law does not support a finding of ineffective assistance of counsel). For the foregoing reasons, these arguments will be denied.

Last, Petitioner contends that his trial counsel was ineffective in failing to understand "the interplay between U.S.S.G. §§ 2D1.1, 3D1.2, 2k2.1(c)(1)(A) and 5G1.1 of the guidelines [which] compound the district court's misapplication of those same guidelines." (Doc. No. 1-1 at 21-22). Petitioner also argues that his appellate counsel was ineffective because he did not challenge the § 851 enhancement on appeal. This latter claim is denied as it is clear that the Fourth Circuit addressed the enhancement issue and found that Petitioner was not entitled to relief. As for the former claim against his trial counsel, Petitioner argument again attacks the legality of the § 851 enhancement. Petitioner was sentenced based on an enhancement that was valid under then-existing precedent as provided in United States v. Harp. Petitioner has failed to meet his obligations under Strickland of demonstrating error or prejudice and this claim will be denied.

### IV.     CONCLUSION

For the reasons set forth in this Order, the Court finds that Petitioner is entitled to relief from his mandatory minimum sentence in Count 1 and to have his conviction for being a felon-in-possession of a firearm in Count 3 vacated. Petitioner's remaining claims for relief lack merit

9

and do not entitle him to further relief in this collateral proceeding.

**IT IS, THEREFORE, ORDERED that:**

1. Petitioner's motion to vacate his mandatory minimum sentence of 120-months' imprisonment for conviction on Count 1 is **GRANTED** and the sentence in Count 1 is hereby **VACATED**. Petitioner shall be resentenced on this count following appointment of counsel and preparation of a supplemental presentence report.

2. Petitioner's motion to vacate his conviction for being a felon-in-possession under the provisions of 18 U.S.C. § 922(g)(1) is **GRANTED** and Count 3 is hereby **VACATED**.

3. All remaining provisions of Petitioner's criminal judgment shall remain unchanged pending further orders of this Court. (5:08-CR-00061, Doc. No. 34: Judgment in a Criminal Case).

4. Petitioner shall remain in the custody of the Federal Bureau of Prisons pending his resentencing hearing.

5. The U.S. Probation Office shall prepare a supplemental Presentence Report in advance of Petitioner's resentencing hearing and file the same in the criminal case.

6. The Federal Defenders of Western North Carolina shall represent Petitioner for the purpose of the resentencing hearing or arrange for outside counsel.

7. The Clerk of Court shall coordinate the date of the resentencing with Chambers.

8. The Clerk's Office shall notify the Petitioner, the U.S. Attorney, the Federal Defenders of Western North Carolina, the U.S. Marshals Service, and the U.S. Probation Office of the date of the resentencing hearing.

9. Counsel shall file sentencing memorandum no later than two (2) weeks prior to

the resentencing hearing.

10.     The Clerk of Court is directed to certify copies of this Order to the Petitioner, the Federal Defenders of Western North Carolina, the U.S. Attorney, the U.S. Marshals Service, and the U.S. Probation Office.

**IT IS FURTHER ORDERED** that Petitioner's remaining claims in his Section 2255 motion are without merit and they will be **DENIED** and **DISMISSED.**

**IT IS FURTHER ORDERED** that pursuant to Rule 11(a) of the Rules Governing Section 2255 Cases, this Court declines to issues a certificate of appealability as to those claims which have been denied and dismissed as Petitioner has not made a substantial showing of a denial of a constitutional right. See 28 U.S.C. § 2253(c)(2); Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003) (in order to satisfy § 2253(c), a petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong).

**IT IS SO ORDERED.**

Signed: December 16, 2013

Richard L. Voorhees
United States District Judge